FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 NOV 28  A 9:19

*S. LaVictoire*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CLARENCE MICHAEL OSTEEN, | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO.: CV206-178 |
| JOSE M. VAZQUEZ, Warden, | : |
| Respondent. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Clarence Michael Osteen ("Osteen"), an inmate currently incarcerated at the Federal Prison Camp in Atlanta, Georgia, filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241 while he was incarcerated at the Federal Correctional Institution in Jesup, Georgia. Respondent filed a Motion to Dismiss, and Osteen filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

After a jury trial, Osteen was convicted in the District of South Carolina on a firearms charge, in violation of 18 U.S.C. § 922(g). After another jury trial, Osteen was convicted in the District of South Carolina on five (5) counts of drug related charges, in violation of 21 U.S.C. § 841(a)(1) and 846. The District of South Carolina court sentenced Osteen to 120 months' imprisonment on the firearms count and 210 months' imprisonment on the drug related counts, to be served concurrently. Osteen filed an appeal, and the Fourth

AO 72A
(Rev. 8/82)

Circuit Court of Appeals affirmed his convictions and sentences. (Mot., pp. 1-2.) Osteen filed two motions to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, on the same day; the District of South Carolina court denied these motions. Osteen filed another § 2255 motion, which the District of South Carolina court dismissed as being time-barred.

In the instant petition, Osteen asserts that his Fifth and Sixth Amendment rights were violated in various ways. Specifically, Osteen asserts that the Government failed to disclose favorable information about him. Osteen also asserts that he received ineffective assistance of counsel throughout the course of the proceedings against him. Osteen contends that he was sentenced based on facts not found beyond a reasonable doubt by a jury, such as the quantity of drugs for which he should be held accountable. Osteen also contends that the trial court lacked jurisdiction to sentence him pursuant to the United States Sentencing Guidelines. Osteen cites United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), in support of his assertions.

Respondent avers that Osteen's petition should be dismissed. First, Respondent contends that Osteen has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that Osteen's petition sets forth claims pursuant to Blakely and Booker, and these cases do not apply retroactively to cases on collateral review. (Mot., p. 6.) Respondent also contends that Apprendi, the predecessor to Blakely and Booker, does not apply retroactively in the context of a section 2241 proceeding. (Mot., p. 7.)

2

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a motion collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Osteen has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because his first § 2255 motion was denied and his second § 2255 motion was dismissed with prejudice. (Mem., p. 4; Resp., p. 11.)

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Osteen bases the claims set forth in his petition on the Supreme Court's decisions in Blakely and Booker. However, the Supreme Court has not made its decisions in these cases retroactively applicable to cases on collateral review to allow for the filing of a

second or successive section 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Nor are these cases retroactively applicable to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Osteen was sentenced in the District of South Carolina on March 30, 2000, and the Fourth Circuit Court of Appeals affirmed his convictions and sentences on June 29, 2001. Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. To allow Osteen to have his requested relief pursuant to these cases would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989). In addition, the Eleventh Circuit has determined that Apprendi, which Osteen also cites in support of his petition, does not apply retroactively in the context of a section 2241 petition. Dohrmann v. United States, 442 F.3d 1279, 1281 (11th Cir. 2006).

Osteen has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because Osteen was unsuccessful in his previously filed § 2255 motions, the remedy afforded by section 2255 cannot be deemed to be inadequate or ineffective to challenge the legality of his detention. In short, Osteen has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244.

Osteen cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Osteen is doing nothing more

5

AO 72A
(Rev. 8/82)

than "attempting to use § 2241. . . to escape the restrictions of § 2255." <u>Wofford</u>, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 9) be **GRANTED** and that Osteen's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)